UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21827-CIV-O'SULLIVAN

[CONSENT]

MAYRA E. FARIAS, et al.,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Dismiss Complaint (DE# 12, 6/12/15) filed by defendant U.S. Bank National Association, as trustee for the Lehman XS Trust, Mortgage Pass-through Certificates, Series 2006-16N (hereinafter "U.S. Bank")[1] and the Emergency Motion to Stay Proceedings in 11th Circuit Court (DE# 26, 7/29/15) filed by plaintiff Javier Carrillo. On August 3, 2015, the Court heard oral argument on both motions.

## BACKGROUND

On May 14, 2015, plaintiffs Mayra Farias and Javier Carrillo (collectively "plaintiffs") commenced the instant action against defendants U.S. Bank National Association, as trustee for the Lehman XS Trust, Mortgage Pass-through Certificates, Series 2006-16N and OneWest Bank, F.S.B. c/o Ocwen Loan Servicing, LLC (collectively "defendants"). See Complaint/Petition (DE# 1, 5/14/15) (hereinafter

---

[1] On June 29, 2015, the Court granted defendant OneWest Bank, F.S.B. c/o Ocwen Loan Servicing, LLC's motion to adopt/join the motion to dismiss. See Order (DE# 19, 6/29/15).

"Complaint").

On June 12, 2015, defendant U.S. Bank moved to dismiss the complaint with prejudice for lack of subject matter jurisdiction. See Motion to Dismiss Complaint (DE# 12, 6/12/15). The plaintiffs filed their response in opposition on June 29, 2015. See Memorandum of Law in Opposition to Motion to Dismiss Complaint (DE# 16, 6/29/15). U.S. Bank filed its reply on July 8, 2015. See Reply in Support of Motion to Dismiss Complaint (DE# 20, 7/8/15).

On July 29, 2015, plaintiff Javier Carrillo filed an Emergency Motion to Stay Proceedings in 11th Circuit Court (DE# 26, 7/29/15). On August 3, 2015, the Court held oral argument on both motions. This matter is ripe for adjudication.

## ANALYSIS

The Complaint seeks to assert numerous claims including claims under the Truth in Lending Act ("TILA") arising from state court foreclosure proceedings involving the plaintiffs' home (hereinafter "subject property").[2] U.S. Bank seeks to dismiss all counts of the Complaint with prejudice for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. In addition to the Rooker-Feldman doctrine, U.S. Bank argues that the plaintiffs' TILA monetary damage claim should be dismissed with prejudice because it was filed outside the limitations period. At the August 3, 2015, U.S. Bank withdrew its argument that it was not properly served under the Federal Rules of Civil Procedure.

**A.   Rooker-Feldman Doctrine**

With certain exceptions, the Rooker-Feldman doctrine provides that the federal

---

[2] On April 29, 2015, the subject property "was offered for public sale." See Exhibit 13 to the Complaint (DE# 1).

district courts have no jurisdiction to review a final judgment rendered by a state court. Powell v. Powell, 80 F.3d 464, 466 (11th Cir.1996). The doctrine "applies not only to claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court's judgment." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The Rooker-Feldman doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Parker v. Potter, 368 F. App'x 945, 948 (11th Cir. 2010) (quoting Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n. 1 (11th Cir. 2003) (emphasis added) (quotation marks & citation omitted)).

In the instant case, the parties were the same in both the state and federal court proceedings. The state court's ruling was a final judgment. The plaintiffs had a reasonable opportunity to raise their federal claims in the state court proceedings as evidenced by the plaintiffs' multiple filings in the trial court proceeding and in the appellate proceeding. Finally, the issues raised in federal court are inextricably intertwined with the state court's judgment in that the plaintiffs raise virtually the same arguments they pursued in the state court. The plaintiffs are seeking a judgment which if granted, would, in essence, reverse the decision of the state trial and appellate courts.

The plaintiffs argue that the Rooker-Feldman doctrine does not apply because of the U.S. Supreme Court's decision in Jesinoski v. Countrywide Home Loans, Inc., 135

S.Ct. 790 (2015). The plaintiffs note that the state court did not have the benefit of the Jesinoski opinion because it was decided by the Supreme Court on January 13, 2015. However, nothing in the Jesinoski decision abolishes the Rooker-Feldman doctrine. Moreover, the plaintiffs brought the Jesinoski decision to the state court's attention in a motion for rehearing. See Exhibit 9 to the Complaint (DE# 1).  The Rooker-Feldman doctrine applies in this matter and the Court has no jurisdiction over this action.

**B.     Limitations Period of TILA Monetary Claim**

The plaintiff's TILA monetary damages claim is DISMISSED because it was filed outside the limitations period. "Pursuant to § 1640(e), all TILA claims must be brought 'within one year from the date of the occurrence of the violation.' 15 U.S.C. § 1640(e). The violation 'occurs' when the transaction is consummated." Velardo v. Fremont Inv. & Loan, 298 Fed.Appx. 890, 892 (11th Cir. 2008) (per curiam). The parties dispute when the one-year limitations period began to run. According to the plaintiffs, because the loan on the subject property was subject to an adjustable interest rate, the lender was required to provide the plaintiffs with notice every time the interest rate was adjusted. Even assuming, without deciding, that the plaintiffs are correct in the calculation of the limitations period, the plaintiffs acknowledged at the August 3, 2015 hearing that the last time the interest rate on the loan was adjusted was in 2012. The instant action was filed on May 14, 2015, well after the one-year limitations period. The plaintiffs' TILA claim is time-barred and DISMISSED.

Because the Court finds that it lacks subject matter jurisdiction over the plaintiffs' claims, the Emergency Motion to Stay Proceedings in 11th Circuit Court (DE# 26, 7/29/15) is DENIED AS MOOT.

4

**CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Emergency Motion to Stay Proceedings in 11th Circuit Court (DE# 26, 7/29/15) is **DENIED as moot**. It is further

ORDERED AND ADJUDGED that the Motion to Dismiss Complaint (DE# 12, 6/12/15) is **GRANTED**. The Complaint (DE# 1, 5/14/15) is **DISMISSED with prejudice**.

THE CLERK OF THE COURT SHALL MARK THIS CASE CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida this **4th** day of August, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

Copies mailed to:
Mayra Farias
11011 SW 160th Street
Miami, FL 33157

Javier Carrillo
6811 SW 3rd Street
Miami, FL 33144