UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21827-CIV-O'SULLIVAN

[CONSENT]

MAYRA E. FARIAS, et al.,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Exceptions and Objections to the August 04, 2015 Order (DE# 30, 8/14/15) filed by the plaintiffs. In according with the Eleventh Circuit's directive that pro se pleadings be held to a less stringent standard than pleadings drafted by attorneys, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Court will construe the instant filing as a motion for reconsideration.

## ANALYSIS

On August 4, 2015, the Court entered an Order dismissing the plaintiffs' Complaint (DE# 1, 5/14/15) with prejudice as to all counts based on the Rooker-Feldman doctrine and, in addition, also dismissed the plaintiffs' Truth-in-Lending Act ("TILA") monetary damages claim because it was filed outside the one-year limitations period. The plaintiffs now seek reconsideration of the Court's August 4, 2015 Order. See Exceptions and Objections to the August 04, 2015 Order (DE# 30, 8/14/15).

[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Sheffield Woods at Wellington Condo. Ass'n., Inc. v. Scottsdale Ins. Co., No.

8:09-cv-1148-T-24 TBM,  2010 WL 3385311, *1 (M.D. Fla. Aug. 26,  2010) (citation omitted). Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) availability of new evidence and (3) the need to correct clear error or manifest injustice. Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999).

      The plaintiffs have not met any of the grounds which warrant the reconsideration of the Court's August 4, 2015 Order (DE# 29). The Court carefully reviewed the parties' submissions and held a hearing on August 3, 2015, during which the plaintiffs[1] were permitted to present their arguments to the Court. In the instant motion, the plaintiffs continue to advance the same arguments that were rejected by the Court in its August 4, 2015 Order (DE# 29).

      The Court previously determined that the Rooker-Feldman doctrine barred the plaintiffs' claims in this case. See Order (DE# 29 at 2-4, 8/4/15). Even if the Court were to consider the plaintiffs' arguments anew, they still lack merit. In the instant motion, the plaintiffs acknowledge that their "Complaint seeks to assert numerous claims including claims that the Order to Reset Foreclosure Sale; Re-Notice of Sale; and, the Certificate of Sale are void and voidable orders by this Court (ECF No. 1 Page 9)." See Exceptions and Objections to the August 04, 2015 Order (DE# 30 at 2, 8/14/15). In doing so, the

---

[1] Although the August 3, 2015 hearing was properly noticed, only plaintiff Javier Carrillo attended the hearing.

plaintiffs are asking this Court to review and overturn the orders of the state court. The district court's review and reversal of a state court judgment "is precisely what the Rooker-Feldman doctrine exists to prevent." See Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (vacating the judgment of the district court pursuant to the Rooker-Feldman doctrine, where "[t]he result would be that the state court's judgment, insofar as it pertains to money to be received by [the defendant], would be collaterally reviewed and reversed in federal court.").

The plaintiffs continue to incorrectly rely on Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790 (2015) for the proposition that the "Jesinoski decision abolished the Rooker-Feldman doctrine applicable at common law." Exceptions and Objections to the August 04, 2015 Order (DE# 30 at 4, 8/14/15). In the August 4, 2015 Order, the Court considered the Jesinoski decision and specifically ruled that: "nothing in the Jesinoski decision abolishes the Rooker-Feldman doctrine." Order (DE# 29 at 4, 8/4/15). A motion for reconsideration is not an opportunity to "simply reargue an issue the Court has once determined." Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003).

The plaintiffs also take issue with the Court's finding that their TILA monetary damages claim was filed outside the one-year limitations period. See Order (DE# 29 at 4, 8/4/15). The plaintiffs argue that "all claims for monetary damages ($90,000.00) by the Plaintiffs [we]re timely filed in the Farias/Carrillo's First Affirmative Defense and Counterclaim on August 13, 2009 and shall be granted." Exceptions and Objections to the August 04, 2015 Order (DE# 30 at 7, 8/14/15). "A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have

3

been raised prior to the entry of judgment." Goodman v. Safeco Ins. Co. of Ill., No. 8:13-cv-2641-T-30EAJ, 1399655, at *1 (M.D. Fla. Mar. 26, 2015). The Court has already determined that the plaintiffs' TILA monetary damages claim is time barred.[2] Moreover, the plaintiffs' assertion that any defenses or counterclaims filed in state court toll the limitations period for their new action filed in federal court lacks merit. See In re Lewis, No. KS-05-022, 03-41515-13, 03-7068, 2006 WL 1308352, at *9 (10th Cir. May 4, 2006) (finding "that even if Plaintiff did raise these TILA claims in the state court foreclosure proceeding, that act does not serve to toll the statute of limitations on a future affirmative action against Defendants.") (table decision).

The plaintiffs also take issue with defendant OneWest Bank FSB c/o Ocwen Loan Servicing, LLC's joinder in the motion to dismiss which the Court granted on June 29, 2015. See Order (DE# 19, 6/29/15). The plaintiffs argue:

> OneWest Bank's Joinder in Motion to Dismiss Complaint dated June 29, 2015. One West Bank is not [sic] neither Joinder in U.S. Bank's Motion to Reset Foreclosure Sale or Re-Notice of Sale. Therefore this is conclusive and deciding; U.S. Bank does not represent to [sic] OneWest Bank, FSB. U.S. Bank could not file the Motion to Reset Foreclosure Sale without to Joinder in the motion to OneWest Bank.

Exceptions and Objections to the August 04, 2015 Order (DE# 30 at 3, 8/14/15). The plaintiffs also argue that OneWest Bank FSB c/o Ocwen Loan Servicing, LLC's (hereinafter "OneWest") motion for joinder was untimely:

> Joinder in Motion to Dismiss Complaint was filed on June 29, 2015; by which, it was time-barred pursuant to the Rule 4(h) of the Fed. R. Civ. P.; and, Fla. Stat. Ann. §48.081(1)(d). The service was effective as to both

---

[2] The instant federal court action began on May 14, 2015 when the plaintiffs filed their Complaint (DE# 1), well outside the one-year limitations period for a claim the plaintiffs maintain they raised in a state court filing on August 13, 2009.

4

>   Respondents because only U.S. Bank filed the Motion to Reset
>   Foreclosure Sale; and, Ocwen Loan Servicing, LLC is an attorney-in-fact
>   for U.S. Bank: or Respondents' motions may be a fraud in this Court.

Id. at 10-11. Rule 4(h) of the Federal Rules of Civil Procedure concerns service on "a domestic or foreign corporation, or a partnership or other unincorporated association." Fed. R. Civ. P. 4(h). Section 48.081 of the Florida Statutes concerns service on a corporation. The rule and the statute cited by the plaintiffs do not address the timeliness of the motion for joinder filed by OneWest.

The plaintiffs named OneWest as a defendant in their Complaint (DE# 1, 5/14/15). OneWest could have raised the same legal challenges raised by U.S. Bank National Association ("U.S. Bank") in a separate motion to dismiss. The Court fails to see any prejudice to the plaintiffs in allowing OneWest to join in the motion to dismiss filed by U.S. Bank.

In sum, the plaintiffs have not shown any grounds for reconsidering the Court's August 4, 2015 Order.

## **CONCLUSION**

Having reviewed the parties' filings and the Court's August 4, 2015 Order (DE# 29, 8/4/15) dismissing the complaint with prejudice, the Court concludes that the plaintiffs have failed to demonstrate why the Court should reconsider its prior decision. Accordingly, it is

ORDERED AND ADJUDGED that the Exceptions and Objections to the August

5

04, 2015 Order (DE# 30, 8/14/15) are **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **25th** day of August, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

Copies mailed to:
Mayra Farias
11011 SW 160th Street
Miami, FL 33157

Javier Carrillo
6811 SW 3rd Street
Miami, FL 33144